# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

Case No.: CR 16-00853-CJC

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

  v.

OSCAR CORRAL,

    Defendant-Appellant.

MEMORANDUM

Defendant-Appellant Oscar Corral appeals his misdemeanor conviction under California Vehicle Code § 14601.2(a) and 18 U.S.C. § 13(a) (the Assimilative Crimes Act) for driving a motor vehicle while his driving privilege was suspended due to a prior conviction for driving under the influence ("DUI"). (Dkts. 3, 10.) On June 15, 2016, Mr. Corral was cited by a patrol officer at Vandenberg Air Force Base for driving with a license that was suspended or revoked because of a DUI. (Dkts. 10-1, 10-2 [Excerpts of

1  Record, hereinafter "ER"] 1, 201–04.)  Mr. Corral was working on the base as part of a demolition crew for a military-contractor company and had entered the base on two previous days without incident.  (Dkt. 10 at 9–11.)  For whatever reason, it became a problem on the third day and he was pulled over and then given a citation by a patrol officer.  (*Id.*)  Following a bench trial, Magistrate Judge Louise A. La Mothe found Mr. Corral guilty of the charged crime and imposed the mandatory minimum sentence of ten days in jail, a $300 fine, a $10 special assessment, and a $25 processing fee, along with a probation term of three months.  (ER 240–41, 252–56.)  Mr. Corral now contends that his conviction was not supported by sufficient evidence, entitling him to entry of a judgment of acquittal.  (*See generally* Dkt. 10.)  The Court agrees.[1]

When a defendant appeals a magistrate judge's decision to the District Court, he "is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Instead, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*  A claim of insufficient evidence is reviewed de novo, meaning that, viewing the evidence in the light most favorable to the government, the Court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007).  If the evidence is insufficient to support any element of the charged crime, a defendant's conviction must be reversed.

Section 14601.2(a) provides that "[a] person shall not drive a motor vehicle at any time when that person's driving privilege is suspended or revoked for a *conviction* of a violation of Section 23152 or 23153 if the person so driving has knowledge of the

---

[1] Mr. Corral argues in the alternative that the government violated the Speedy Trial Act, so his case must be dismissed with prejudice. (*See generally* Dkt. 10.)  Mr. Corral also claims, and the government agrees, that the case should at the very least be remanded so that the magistrate judge can correct the judgment because it is inconsistent with the oral sentence she imposed.  (*Id.* at 44–46; Dkt. 13 at 1 n.1.) Since the Court finds that the government failed to present sufficient evidence to prove Mr. Corral guilty of the charged crime, the Court need not consider Mr. Corral's alternative arguments.

suspension or revocation."[2] Cal. Veh. Code § 14601.2(a) (emphasis added). Sections 23152 and 23153, in turn, prohibit driving under the influence of alcoholic beverages. Thus, to establish Mr. Corral's guilt under Section 14601.2(a), the government had to prove, among other things, that Mr. Corral's license was suspended because of a DUI conviction. The government, however, did not present admissible evidence to support this essential element of the crime.

The only evidence presented by the government to prove that Mr. Corral had sustained a prior DUI conviction was a record from the Department of Motor Vehicles ("DMV") and the testimony of a DMV employee, Michael Windover, who explained how the record was prepared and used by the DMV.[3] (ER 155–69, 246–50.) The DMV record was a five-page printout from the DMV database consisting of line entries, many of which were coded or written in shorthand and needed to be translated by Mr. Windover. (*See* ER 246–50.) Mr. Windover testified that Mr. Corral's DMV record showed that his license was suspended as of June 15, 2016. (ER 158.) He also pointed to line entries on the DMV record indicating that Mr. Corral received notice on August 19, 2011, that his license would be suspended effective September 18, 2011, in connection with a DUI arrest. (ER 159.) He also stated that Mr. Corral was subsequently convicted of a DUI on July 21, 2015.[4] (*Id.*) The government contended and the magistrate judge agreed that the DMV record was a "public record" under Federal Rule of Evidence 803(8) that was excluded from the rule against hearsay and was sufficient to prove that

---

[2] This statute, however, "does not prohibit a person who is participating in, or has completed, an alcohol or drug rehabilitation program from driving a motor vehicle that is owned or utilized by the person's employer, during the course of employment on private property that is owned or utilized by the employer, except an offstreet parking facility." Cal. Veh. Code § 14601.2(i).

[3] Although Mr. Corral admitted at trial that his license was suspended when he entered the military base on June 15, 2016, he was never asked, nor did he ever explain, *why* his license was suspended. (ER 212, 215, 220, 221; *see generally* ER 212–22.)

[4] Mr. Windover also noted that the DMV record indicated that on July 17, 2014, Mr. Corral was convicted of violating California Vehicle Code § 14601.1 for driving with a suspended or revoked license. (ER 162.)

Mr. Corral's license was suspended because of a DUI conviction. (ER 27–30, 76–79, 153–54, 206.) This was error.

The DMV record reflected both a matter personally observed and reported by the DMV—the suspension—and a matter observed and reported by San Bernardino Superior Court—the conviction. The reference in the DMV record to Mr. Corral's suspension of his license was properly admitted pursuant to the hearsay exception in Federal Rule of Evidence 803(8). Suspension of a person's license is clearly a matter within the activities and responsibilities of the DMV that it has a legal duty to report on. (*See* ER 156.) But the reference in the DMV record to Mr. Corral's DUI conviction is a different matter entirely. Certifying and reporting criminal convictions occurring in San Bernardino Superior Court are not the activities or responsibilities of the DMV. They are the activities and responsibilities of the San Bernardino Superior Court. To prove Mr. Corral actually sustained a DUI conviction and was guilty of the charged crime, it was therefore incumbent on the government to admit into evidence a certified record of that conviction from the San Bernardino Superior Court. *See United States v. Arriaga-Segura*, 743 F.2d 1434, 1436 (9th Cir. 1984) ("[T]he most reliable evidence to prove a conviction is the presentation at trial of a certified copy of the prior conviction.").[5] And it is a well-established principle of evidence that inadmissible hearsay does not become admissible because it is included or combined in a record that contains admissible hearsay under the public records exception of Rule 803(8). *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) ("'A matter observed while under a legal duty to report' in Rule 803(8) 'generally does not pave the way for official records to prove conclusions resting on statements by outsiders or to prove what such outsider statements themselves assert' unless 'the outsider's statement itself fits an exception.'") (quoting 4 Christopher B.

---

[5] Tellingly, the government had sought to introduce a certified record of Mr. Corral's DUI conviction from the San Bernardino Superior Court, but the magistrate judge had excluded that certified record as a sanction for the government's failure to timely disclose it to defense counsel prior to trial as required by Federal Rule of Criminal Procedure 16. (ER 176.)

Mueller & Laird C. Kirkpatrick, Federal Evidence § 8:88 (3d ed. 2012)); *see also United States v. Chu Kong Yin*, 935 F.2d 990, 999 (9th Cir. 1991) (holding that declarations and certificates from trial offered to prove defendant's convictions in Hong Kong did not fall within Rule 803(8) because there was no indication that they were "prepared or signed by persons with first-hand knowledge of Chu's alleged prior convictions," and "[t]he mere fact that a document qualifies as a public record . . . does not ipso facto overcome the hearsay objection unless the document relates to an event to which the author could himself testify. This is for the reason that the public documents exception to the hearsay rule is only the substitute for the appearance of the public official who made the record.").

Simply stated, the government's failure to admit the certified record of Mr. Corral's DUI conviction from the San Bernardino Superior Court was fatal to its case against Mr. Corral and its ability to prove him guilty of the charged crime. Accordingly, the Court VACATES Mr. Corral's conviction and sentence. Because the government failed to present sufficient evidence that Mr. Corral sustained a DUI conviction, the Court also ENTERS a judgment of acquittal in his favor.

DATED: August 10, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE